**E-FILED on** 8/20/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND AND COMMUNICATIONS EMPLOYEE BENEFIT TRUST FUNDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPARTAN ENGINEERING, INC., a California corporation <br><br> Defendant. | No. C-08-4005 RMW <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT <br><br> **[Re Docket No. 20]** |

Plaintiffs' motion for entry of judgment pursuant to stipulation came on for hearing before the court on April 30, 2010. Defendant opposes the motion. Having considered the papers submitted by the parties and the arguments of counsel at hearing, plaintiffs' motion is granted in part and denied in part as set forth below.

Prior to the hearing, the parties met and conferred in good fath to resolve the issues presented by plaintiff's motion and stipulated they had reached agreement on all items except whether the award of $17,822.55 in attorney's fees and $16,689.26 in liquidated damages under the trust agreements relating to contributions to the trust funds for the months of February 2008 through May 2009 were enforceable or were instead unenforceable as an unlawful penalty.

By way of background, this lawsuit arose out of defendant's failure to comply with its obligations to make fringe benefit contributions to the plaintiff trust funds. The parties reached a settlement in mid-2009, resulting in a request for conditional dismissal pending payment in full under the settlement agreement. [Docket 20]. Under the parties' stipulation, defendant agreed to pay $34,000 (apparently relating to previously unpaid contributions), plus an additional $25,865.67 (representing reduced liquidated damages of $5,000, interest on unpaid contributions in the amount of $4,600, costs of suit in the amount of $943.12, and reduced attorney's fees in the amount of $15,322.55) to be paid in equal monthly installments of $2,155.47 beginning on August 15, 2009. Defendant also agreed that in the event it failed to make any of its monthly contribution payments for the period from June 2009 through June 2010, as required by the settlement agreement, then plaintiffs could recover judgment as follows:

    A.    Contributions due and unpaid to the TRUST FUNDS for the period February 2008 - Mary 2009 in the amount of $34,492.83;

    B.    Liquidated damages due and unpaid to the TRUST FUNDS for the months of February 2008 - May 2009 in the amount of $16,689.29.

    C.    Interest due pursuant to contract in the amount of $4,600.00.

    D.    Attorney's fees due pursuant to contract in the amount of $17,822.55.

    E.    Costs of suit incurred in this action in the amount of $943.12.

    F.    Unpaid contributions from May 31 through July 30th 2010 reduced by any offsets for payments made.

Stipulation, ¶2.

With regard to the attorney's fees, the difference between the agreed amount to be paid pursuant to the settlement ($15,322.55) and the amount to be paid in the event of default ($17,822.55) is only $2,500. This rather modest amount is not an unreasonable estimate of a portion of the damages that would flow from breach of the agreement in that plaintiff would undoubtedly incur some additional attorney's fees in seeking to enforce the agreement or obtain the judgment pursuant to stipulation. Accordingly, the recited attorney's fees is not an unlawful penalty.

With regard to the liquidated damages provision, however, the amount is not enforceable. The underlying trust agreements call for liquidated damages to be awarded in the amount of 10% of the amount of the contribution. It appears that as of the date of the July 24, 2009 stipulation, the parties had calculated this amounts as $16,689.29. As part of the agreed settlement, however, plaintiff agreed to accept $5,000 as the applicable liquidated damages. Failure to comply with the settlement, however, would result in a judgment including the full $16,689.29 in liquidated damages, a difference of $11,689.29, more than triple the amount of the amount agreed in settlement. There is no reasonable relationship between this triple-enhanced amount and the damages that would logically flow from the breach of the settlement agreement. Thus, this aspect of the stipulation functions more as a penalty imposed for breach than a true liquidated damages clause. As such, it is unenforceable. *See Greentree Financial Group v. Execute Sports, Inc.*, 163 Cal. App.4th 495 (2008); *Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal. App. 3d 896 (1978).

Plaintiffs argued that *Greentree* is inapplicable because this lawsuit involves a claim under ERISA which expressly authorizes liquidated damages. For several reasons, plaintiffs' argument is not persuasive. First, the agreement at issue is the parties' settlement agreement and stipulation for entry of judgment in the event that defendant defaults on its obligations under the settlement agreement; it is not the underlying trust agreements governed by ERISA. As such, the validity and enforceability of the terms of that agreement are not necessarily governed by ERISA, nor is the question preempted by ERISA. Second, there is no dispute that liquidated damages are authorized by ERISA, nor is there any contention that liquidated damages calculated under the trust agreements are unlawful as penalties. The issue for the court to determine here, however, is whether the parties may lawfully agree to triple the liquidated damages amount agreed upon in the settlement in the event that defendant defaulted on its settlement obligations. The court finds that under California law, they may not do so.

Unlike the recited amounts for attorney's fees, which bear a reasonable relationship to the additional costs that would be incurred by plaintiff to enforce its rights under the settlement agreement, the recited amount corresponding to the liquidated damages bears no such relationship and is not enforceable.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT—No. C-08-4005 RMW
TER                                      3

Plaintiffs shall submit a proposed judgment in conformance with this opinion and the parties' agreement with regard to the other sums owed.

DATED: 8/20/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT—No. C-08-4005 RMW
TER
4